UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCIS MARION BURKE,

       Petitioner,

v.                                 Case No. 3:26-cv-209-MMH-LLL

THE STATE OF FLORIDA,

       Respondent.

_____

## **ORDER**

On March 20, 2026, the Court dismissed without prejudice Francis Marion Burke's Petition for Writ of Habeas Corpus (Petition; Doc. 1) pursuant to the Younger[1] abstention doctrine, which precludes the Court from interfering with Petitioner's ongoing state court proceedings. See Doc. 2 (Order). In that Order, the Court stated: "If Petitioner is ultimately convicted in the state criminal case and seeks to challenge his judgment of conviction or sentence, he may initiate a habeas corpus case in the appropriate jurisdiction after exhausting his state remedies." Id. at 2. On March 16, 2026 (mailbox rule[2]), Petitioner submitted for filing his Amended Petition for Writ of Habeas

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

Corpus (Amended Petition; Doc. 4), with attachments (see Docs. 4-1, 4-2), again seeking Petitioner's immediate release from custody and dismissal of the charges against him in the pending state court criminal proceedings. After Petitioner received the Court's Order dismissing this case, he submitted a letter on April 9, 2026, which the Court construes as a motion for reconsideration of the dismissal (Motion for Reconsideration; Doc. 5). The Court finds that reconsideration is not appropriate.

A motion seeking reconsideration of an earlier ruling is governed by either Rule 59 or Rule 60, Federal Rules of Civil Procedure. Rule 59(e) governs motions to alter or amend judgment filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding. Fed. R. Civ. P. 60(c). Considering the timing of Plaintiff's Motion for Reconsideration, it should be reviewed under Rule 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct

clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).[3] For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006). Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (citation omitted); Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United

---

[3] Although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

3

States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Similarly, Rule 60(b) permits a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner has not shown a proper basis for reconsideration of the Court's ruling under either Rule 59(e) or Rule 60(b). According to Petitioner, an exception to abstention applies because the state court proceedings were motivated by bad faith. See Doc. 5 at 2. Petitioner explains that "the blood specimens [sic] chain of custody was violated by name inconsistencies and mishandling of said specimens," and that the sworn testimony and affidavit by Randal Slocum, which referenced the blood specimens, were "submitted in bad faith" to obtain a warrant for Petitioner's arrest. Id. The Court finds that Petitioner has not shown "evidence of state proceedings motivated by bad faith." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). As reflected in the attachments to the Amended Petition, there are two laboratory reports on Petitioner's blood specimens: (1) a laboratory report from July 10, 2025 based on submission 1 (evidence submitted to the Florida Department of Law

Enforcement on May 2, 2025 by Keara Thomas), which indicates the "specimen was returned unworked . . . due to name inconsistencies within packaging" and "[i]tems 1 and 2 were not analyzed"; and (2) a laboratory report from September 18, 2025 based on submission 2 (evidence submitted to the Florida Department of Law Enforcement on August 4, 2025 by Donald Flynn), which indicates that Petitioner's blood alcohol level was 0.151 and 0.150. See Doc. 4-1 at 1–2. Mr. Slocum's affidavit, which is also attached to the Amended Petition, references only the results of the September 18, 2025 laboratory report. Id. at 5. Contrary to Petitioner's assertions, the submissions before the Court do not show any evidence of bad faith in the state court proceedings. As such, Petitioner has not shown a proper basis for reconsideration of the Court's Order dismissing this case pursuant to Younger.[4] Thus, Petitioner's Motion for Reconsideration is due to be denied. However, as stated earlier, if Petitioner is ultimately convicted in the state criminal case and seeks to challenge his judgment of conviction or sentence, he may initiate a habeas corpus case after exhausting his state remedies.

Therefore, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion for Reconsideration (Doc. 5) is **DENIED**.

---

[4] It appears that Petitioner mistakenly believes the Court dismissed this case solely for failure to use the standard form. See Doc. 5 at 1.

2.     The **Clerk** shall send Petitioner a blank form for initiating a case under 28 U.S.C. § 2254 and an application to proceed in forma pauperis (prisoner filings) form. If Petitioner is ultimately convicted in the state criminal case and seeks to challenge his judgment of conviction or sentence, he may do so on the appropriate form. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt. In initiating such a case, Petitioner should either file a fully completed application to proceed in forma pauperis (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of May, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11
c:
Francis Marion Burke, #2025-023676